UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO RAYNARD ELLISON,<br><br>Plaintiff,<br><br>v.<br><br>FABIAN FARMER, et al.,<br><br>Defendants. | No. 2:15-cv-1140 TLN CKD P<br><br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2016, the parties filed a joint stipulation and request to set the case for a settlement conference. The parties' request to set the case for a settlement conference is granted and this case will be referred to Magistrate Judge Edmund F. Brennan to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #8 on May 19, 2016 at 10:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. A settlement conference has been set for May 19, 2016 at 10:00 a.m. in Courtroom #8 before Magistrate Judge Edmund F. Brennan at the U. S. District Court, 501 I Street, Sacramento, California 95814.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall submit confidential settlement statements to chambers seven (7) days prior to the settlement conference. Statements may be e-mailed to efborders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Edmund F. Brennan, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than seven (7) days prior to the settlement conference. The envelope shall be marked "CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT." Such statements are neither to be filed with the Clerk nor served on opposing counsel. However, each party shall file a one page document entitled Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)). Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The parties may agree, or not, to serve each other with the settlement statements. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

case or fully authorized to settle the matter at the settlement conference on any terms. See Local Rule 270.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.
b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
c. A summary of the proceedings to date.
d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
e. The relief sought.
f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
g. A brief statement of each party's expectations and goals for the settlement conference.

Dated: May 6, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE